UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

G5 INVESTMENTS, LLC, and                                                    PLAINTIFFS
G6 INVESTMENTS, LLC

V.                                                          CIVIL ACTION NO. 3:18-CV-95-SA-RP

HARRISON SQUARE, LLC, and
CITY OF OXFORD, MISSISSIPPI                                                 DEFENDANTS

ORDER AND MEMORANDUM OPINION

This case involves a dispute over property boundaries, building setbacks, in-progress construction, and egress paths from properties in downtown Oxford, Mississippi. Originally filed in the Chancery Court of Lafayette County, Mississippi, Defendant City of Oxford removed the case to this Court premising jurisdiction on the presence of a Federal Question. The Plaintiffs filed a Motion to Remand [5] arguing that this Court does not have jurisdiction due to a lack of any Federal Question on the face of the Complaint, and a Motion for a Preliminary Injunction [7] regarding the merits of the case. The City subsequently filed a Motion to Dismiss [16], requesting that the Court dismiss all of the Plaintiffs' claims against it. The Plaintiffs responded by filing a Motion for Leave to Amend [23] their complaint. The Plaintiffs' proposed amended complaint removes both the City of Oxford and all potential federal claims from their case. The Court convened a hearing on these issues and in particular, to allow the parties to address the issue of federal jurisdiction.

*Amended Complaint*

As a preliminary matter, the Court finds that under Federal Rule of Civil Procedure 15, the Plaintiffs may amend their complaint "as a matter of course." Rule 15 states in relevant part, "(1) [. . .] A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of

a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15(a)(1). The Plaintiff's request to amend was filed only six days after the City's Rule 12(b)(6) motion, well within the twenty-one day limit prescribed by Rule 15. *See* FED. R. CIV. P. 15(a)(1)(B). Because the Plaintiffs' proposed amendment clearly falls within these bounds, the Plaintiffs' may amend their complaint "as a matter of course," and their Motion for Leave to Amend [23] is granted.[1] The Plaintiffs must file their amended complaint on the docket within three days of the issuance of this order.

*Federal Jurisdiction*

The Plaintiffs indicated at the hearing, and the City also argued, that this amendment would divest this Court of jurisdiction, and require immediate remand. The Court agrees to a certain extent. Because jurisdiction is determined at the time of removal, amending the complaint to eliminate a federal claim that was the basis for the removal does not necessarily divest the Federal Court of jurisdiction.[2] The Court may permit the amendment, but retain supplemental jurisdiction, or not, over the remaining state law claims within certain discretionary bounds.[3] However, it is clear to the Court, and no party presented any relevant argument to the contrary, that all of the relevant §1367 factors weigh heavily against exercising supplemental jurisdiction in this case.

In addition, the Court had serious concerns about the existence of Federal Question Jurisdiction in this case, even before the Plaintiffs proposed their amendment.

---

[1] Rule 15(a) is clearly a purely procedural provision. Wright & Miller, 14B FED. PRAC. & PROC. §1477.
[2] *Anderson v. Electronic Data Systems Corp.*, 11 F.3d 1311 (5th Cir. 1994), cert. denied, 513 U.S. 808, 115 S. Ct. 55, 130 L. Ed. 2d 14 (1994) (plaintiff's deletion of references to ERISA in amended complaint, filed after removal, did not strip federal court of jurisdiction). Wright & Miller, 14B FED. PRAC. & PROC. § 3722.
[3] *See* 28 U.S.C. § 1367(c) "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or […]."

The "well-pleaded complaint rule," provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint" at the time of removal.[4] "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'"[5]

The Court thoroughly examined the Plaintiffs' Complaint with this standard in mind and heard argument from the Parties regarding the same. There is one direct reference to the United States Constitution in the Complaint:

> "Plaintiff G5 would state and show to this Court that such a set-back requirement would result in a diminution of the value of the Gin lot, and, also that if such set-back requirement is imposed in the future upon the Gin lot because the structure on the Harrison Square lot has been built as a "zero lot line" building, such a requirement would violate **the equal protection rights of Plaintiff G5 guaranteed by the Constitution of the United States of America** and the Mississippi Constitution of 1890."

The Court is concerned that this passing reference to the Constitution is insufficient to support Federal Question Jurisdiction. The Court did a survey of cases on this issue and gathered a number of analogous cases where similar passing references were found to be insufficient to support federal jurisdiction.[6] In addition, the parameters of relief requested in the Complaint do not appear to implicate federal law.

---

[4] *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) (same).
[5] *Vaden v. Discover Bank*, 556 U.S. 49, 60, 129 S. Ct. 1262, 173 L. Ed. 2d 206 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S. Ct. 42, 53 L. Ed. 126 (1908)).
[6] *Smith v. Bank One Corp.*, No. CIV.A. 03-3372, 2004 WL 1274480, at *2 (E.D. La. June 7, 2004); An incidental reference to a violation of federal law or the U.S. Constitution does not "convert a state law complaint into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also Strong v. Print U.S.A., Ltd.*, 230 F. Supp. 2d 798, 800 (N.D. Ohio 2002) (noting that the mere mention of Title VII did not convert a state law sexual harassment claim into a federal cause of action). *Stein v. Am. Express Travel Related Servs.*, 813 F. Supp. 2d 69 (D.D.C. 2011); Faced with a motion to remand the case back to the Superior Court, the Court entertained the argument that there was federal-question jurisdiction based on the complaint's "references to the Fourth Amendment." *Id.* at 72. Applying the "well-pleaded complaint rule," the Court rejected the argument, finding that the "[p]laintiffs ha[d] not [pleaded] any

For all of these reasons, the Court is of the opinion that either Federal Question Jurisdiction never existed in this case, or that even if it did, the Plaintiffs' Amended Complaint clearly removes all federal claims and questions, and the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Rivet*, 522 U.S. at 475, 118 S. Ct. 921; *see also See* 28 U.S.C. § 1367(c). By either reasoning, remand is clearly warranted.

*Conclusion*

For all of the reasons discussed above, the Court orders the following:

The Plaintiff's Motion for leave to Amend [23] is GRANTED, and the City of Oxford is DISMISSED without prejudice from this case.

This case is REMANDED to the Chancery Court of Lafayette County for all further proceedings. The Clerk of Court is directed to make all necessary steps to complete the remand.

It is SO ORDERED, on this the 23rd day of May, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

violation of the Fourth Amendment," "[n]or d[id] they seek any relief under the Fourth Amendment." *Id*; *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1026–28 (10th Cir. 2012) (passing mention of violation of the Constitution did "not pass jurisdictional muster" because it did not "satisfy the well-pleaded complaint rule, for purposes of demonstrating federal-question jurisdiction") *Rossello–Gonzalez v. Calderon–Serra*, 398 F.3d 1, 10–11 & n. 26 (1st Cir. 2004) ("allegations of violations of 'due process' and 'equal protection'" did not "present[ ] a claim under the Federal Constitution" because there was "[n]o explicit reference to the United States Constitution . . . contained in the complaint"); *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (reversing the district court and ordering it to remand the case to state court where "the plaintiffs alleged state law claims which included incidental reference to a federal statute and the U.S. Constitution" and "[t]he remedies sought were founded exclusively on state law"); *Hood v. Foster*, 928 F.2d 1135, 1135 (7th Cir. 1991) ("Although [the plaintiff]'s complaint uses language from [42 U.S.C. § 1983 (1988)], 'under color of state law,' he has not alleged a violation of a federal right.")